

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00637-CR

Justin Michael **PERSINGER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 23-12-08710-MCRAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Irene Rios, Justice
               Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: April 29, 2026

AFFIRMED

Appellant Justin Michael Persinger appeals his conviction for one count of smuggling of persons with intent to obtain a pecuniary benefit under Texas Penal Code section 20.05(a)(1)(A) and (b)(1)(C). Following a jury trial, Appellant was convicted and sentenced to four years' imprisonment. In his first and second issues, Appellant argues the statute is field and conflict preempted by federal law as applied to his prosecution. In his third issue on appeal, Appellant

argues section 20.05(a)(1)(A) facially violates the First Amendment.[1] We affirm Appellant's conviction.

## BACKGROUND

At approximately 10:47 p.m. on May 4, 2023, Department of Public Safety Trooper Justin Craig was patrolling U.S. Highway 57 in Maverick County as part of Operation Lone Star. According to his testimony, while parked two to three miles north of the Border Patrol checkpoint, in an area known for smuggling, Trooper Craig observed a small passenger car stop on the shoulder of Highway 57. Trooper Craig heard the car honk its horn and observed multiple people emerge from the brush and enter the vehicle. The driver, later identified as Justin Michael Persinger, conducted a U-turn and began driving away from the area. While following the vehicle, Trooper Craig saw people turning around to look at him through the back windshield before "quickly crouch[ing] back down." Before Trooper Craig initiated his emergency lights, Appellant suddenly stopped on the shoulder of the highway and six individuals ran out of the vehicle. Trooper Craig focused on apprehending the driver, and arrested Appellant for human smuggling. The passengers were never located or identified, but Trooper Craig found two foreign identification cards, one from Mexico and one from Honduras, in Appellant's vehicle. After obtaining Appellant's consent, Trooper Craig photographed Appellant's text messages that coordinated the pickup and payment for transporting the individuals. Appellant was indicted for one count of smuggling of persons with intent to obtain a pecuniary benefit under Texas Penal Code section 20.05(b)(1)(C). Appellant was

---

[1] Appellant's motion for new trial and certain parts of Appellant's brief assert an as-applied First Amendment challenge to Texas Penal Code 20.05(a)(1)(A). However, Appellant's brief only provides substantive analysis with respect to a facial First Amendment challenge. Because Appellant's brief fails to provide substantive analysis or record references with respect to an as-applied First Amendment challenge, we hold that such a challenge is waived due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Wolfe v. State*, 509 S.W.3d 325, 342–45 (Tex. Crim. App. 2017) (holding court of appeals did not err by declining to consider matter appellant failed to brief).

convicted following a jury trial and the jury assessed punishment at four years' imprisonment. After conviction, Appellant filed a motion for new trial. The motion was denied by operation of law, and this appeal followed.

## STANDARDS OF REVIEW

We review Appellant's constitutional challenges *de novo*. *See Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 846 (Tex. 2020) ("Preemption is a question of law reviewed *de novo*."); *State v. Flores*, 679 S.W.3d 232, 243 (Tex. App.—San Antonio 2023, pet. ref'd) (holding the same); *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013) ("Whether a statute is facially constitutional is a question of law reviewed *de novo*.").

## AS-APPLIED PREEMPTION

In his first and second issues, Appellant argues that section 20.05(a)(1)(A) is field and conflict preempted by federal law as applied to his prosecution.

### A. Applicable Law

For as-applied constitutional challenges, we must determine whether there was a constitutional violation in the application of the statute to the defendant. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) ("A litigant raising only an 'as applied' challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances."). This court analyzed a similar as-applied field and conflict preemption challenge to section 20.05(a)(1)(A) in *Roberts v. State*, No. 04-24-00485-CR, 2026 WL 290378, at *5–9 (Tex. App.—San Antonio Feb. 4, 2026, no pet. h). As such, while we will address the facts specific to Appellant's case for his as-applied challenge, the legal principles discussed in *Roberts* guide our analysis here.

**B. Analysis**

Appellant argues that federal law preempts section 20.05(a)(1)(A) as applied to his case because Congress completely ousted the States from regulating in the "field of noncitizen smuggling" and because Appellant's prosecution conflicts with federal immigration laws and prosecutorial prerogatives.

As we stated in *Roberts*, "unlike the instances where courts have found state statutes to be field preempted, section 20.05(a)(1)(A) does not require prosecutors to prove a noncitizen's illegal presence in the United States." *Id*. at *7. Here, similarly, Appellant's conviction did not turn on proof of the passengers' immigration status. The evidence presented at trial focused on Appellant's intent to conceal the individuals from all law enforcement and his intent to obtain a pecuniary benefit. The State was not required to prove the passengers' unlawful status or that Appellant knew his passengers' actual immigration status. Therefore, because Appellant was prosecuted under a neutral statute, and his conduct was criminal regardless of the passengers' immigration status, we hold that Appellant's prosecution was not as-applied field preempted. *See Id.* at *8; *Kansas v. Garcia*, 589 U.S. 191, 208–09 (2020); *State v. Flores*, 679 S.W.3d 232, 245 (Tex. App.—San Antonio 2023, pet. ref'd). *See also Gutierrez v. State*, 721 S.W.3d 639, 655 (Tex. App.—Corpus Christi–Edinburg 2025, pet. ref'd) (holding section 20.05(a)(1)(A) was not as-applied field preempted where the evidence showed Appellant "was not convicted merely because of the citizenship status of the back seat passengers, but because she intended to conceal those individuals from law enforcement").

As to conflict preemption, state anti-smuggling and harboring laws that target non-citizens may be preempted if they conflict with federal immigration law. *See Arizona v. United States*, 567 U.S. 387, 399 (2012) (describing conflict preemption as "cases where compliance with both

federal and state regulations is a physical impossibility" and "instances where the challenged law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."). "With an as-applied conflict preemption challenge, the application of the law must conflict with federal law's comprehensive immigration scheme or with the federal government's discretion over immigration related prosecutions." *Roberts*, 2026 WL 290378, at \*8 (citing *Flores*, 679 S.W.3d at 246–47). However, evidence from Appellant's trial does not show that his prosecution interfered with federal law or federal discretion over immigration-related prosecutions. Further, there is no evidence in the record to suggest that federal prosecutors wished to pursue federal charges against Appellant. On this record, we hold that Appellant's prosecution under section 20.05(a)(1)(A) was not preempted through conflict with federal law. *See Roberts*, 2026 WL 290378, at \*8; *see also Kansas*, 589 U.S. at 211 ("the mere fact that state laws like the Kansas provisions at issue overlap to some degree with federal criminal provisions does not even begin to make a case for conflict preemption"); *Gutierrez*, 721 S.W.3d at 657 (citing *Kansas* in rejecting appellant's as-applied conflict preemption argument regarding section 20.05(a)(1)(A)).

## FIRST AMENDMENT

Appellant, in his brief, argues section 20.05(a)(1)(A) facially violates the First Amendment to the United States Constitution. From our review, the arguments in this case are substantively the same as those in *Roberts v. State*, in which this Court rejected a First Amendment facial challenge and concluded that any unconstitutional applications of section 20.05(a)(1)(A) are not substantial in comparison to the constitutional ones. 2026 WL 290378, at \*2–4. Accordingly, for the reasons articulated in *Roberts*, we overrule Appellant's First Amendment facial challenge. *See id*.

## CONCLUSION

We affirm the judgment of the trial court.

Lori Massey Brissette, Justice

DO NOT PUBLISH